**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FRANK E. SISNEROZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BILL WHITMAN, et al.,**<br><br>**Defendant.** | **CV 01-5058 AWI DLB**<br><br>**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE WHY NEW TRIAL SHOULD NOT BE ORDERED, AND DENYING MOTION FOR GOOD CAUSE EXCEPTION**<br><br>**[Documents # 94, and 110]** |

In this civil rights action by plaintiff Frank E. Sisneroz ("Plaintiff") against Bill Whitman, Tulare County Sheriff, et al. ("Defendants"), the court, on April 11, 2005, issued an order denying Plaintiff's motion for injunctive relief without prejudice and requesting further briefing on the issue of the validity of the jury verdict in favor of Defendants in view of erroneous jury instructions. The parties have submitted additional briefing as requested. During the pendency of the court's decision on the issue of the validity of the verdict, Plaintiff has filed a pleading titled "Motion for Good Cause Exception" ("Motion for Exception"). For the reasons that follow, the court will order Defendants to show cause why a new trial should not be ordered. Plaintiff's Motion for Exception will be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff has, at all times relevant to this case, represented himself pro se. The complaint in this case was filed on January 18, 2001. The complaint alleges that Plaintiff

was subject to conditions of confinement that were punitive in nature and unnecessarily restrictive in violation of his Fourteenth Amendment substantive due process rights. Although the ten claims for relief in the complaint are often generalized and repetitive, the gist of the complaint is that Plaintiff was subjected to conditions of confinement that included confinement with the general prison population, lockdown for between 23 and 24 hours per day and being subject to, inter alia, strip searches conducted in public.

Plaintiff filed a motion for summary judgment on June 18, 2002. That motion was ordered stricken on July 22, 2002. No other dispositive motions were filed prior to trial. On the third day of jury trial, the court granted judgment as a matter of law in favor of Defendants on all claims except the fifth claim for relief. The fifth claim for relief states, in pertinent part:

> Violation of substantive due process under the Fourteenth Amendment of the United States Constitution.
>
> [¶ . . . . ¶]
>
> Defendants' policies, practices subjected plaintiff to conditions of confinement that are punitive and often times worse than the conditions under which penal commitments and prisoners are held.
>
> The aforementioned denied the plaintiff the rights and protections provided by the Fourteenth Amendment of the Constitution of the United States of America.

Plaintiff submitted proposed jury instructions, however the instructions submitted were not useable. Pertinent to this motion, Defendants requested, and the court gave the following instructions :

> **Eighth Amendment General Conditions of Confinement Claim**:
>
> On the plaintiff' claim that the conditions of confinement violated his 14th amendment rights, the plaintiff has the burden of proving by a preponderance of the evidence:
>
> 1. the defendant acted with deliberate indifference;
>
> 2. the defendant acted under color of law; and
>
> 3. the conduct of the defendant caused harm to the plaintiff.

To establish deliberate indifference, the plaintiff must prove that the defendant knew that the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to correct it.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

**Incarceration not a Fourteenth Amendment Violation** (special instruction)

A person who is a civil detainee pursuant to the Sexually Violent Predator Act suffers no harm within the meaning of the Fourteenth Amendment by being confined in a county jail and by being subject to the usual conditions of confinement so long as those conditions bear some reasonable relationship to the purpose of confinement.

Purposes of confinement include, but are not necessarily limited to, protection of others, prevention of escape, protection of the detainee, and prevention of the importation fo contraband into the jail setting.

**Punishment Not Permitted** (special instruction)

Although a civil detainee under the Sexually Violent Predator Act suffers no harm under the Fourteenth Amendment simply by being confined in a county jail, the civil detainee is harmed for purposes of the Fourteenth Amendment if his confinement amounts to punishment.

To find that the conditions of confinement amounted to punishment, you must find:

1. The civil detainee suffered an affirmative sanction that involved a restraint or disability, and;

2. The sanction is traditionally applied as punishment as was applied as punishment in this case, or;

3. The sanction is excessive in relation to its stated purpose.

**Violation of Prisoner Civil Rights (42 U.S.C. 1983); Eighth Amendment - General Conditions of Confinement Claim**

Plaintiff claims that Sheriff Will Wittman subjected him to Jail conditions that violated his constitutional rights. To establish this claim, plaintiff must prove all of the following:

1. That he was imprisoned under conditions that exposed him to a substantial risk of serious harm;

2. That Sheriff Bill Wittman knew the conditions created a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to correct it;

3. That Sheriff Bill Wittman was acting or purporting to act in the performance of his official duties;

4. That plaintiff was harmed; and

5. That Sheriff Bill Wittman's conduct was a substantial factor in causing plaintiff's harm.

Plaintiff entered no formal objections to any of the foregoing instructions at the time of trial.

The jury entered a verdict in favor of Defendants on Plaintiff's fifth claim for relief on March 25, 2004.

On April 16, 2004, Plaintiff moved for injunctive relief. At Plaintiff's request further proceedings were stayed until June 9, 2004. On January 20, 2005, Plaintiff filed a request that the court take judicial notice of Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004). On April 22, 2005, the court, in light of the Ninth Circuit opinion in Jones, issued an order denying Plaintiffs request for injunctive relief without prejudice and requesting further briefing on the issue of whether a new trial is necessary in light of Jones. Defendants' brief was submitted on April 22, 2005. Plaintiff filed a responsive brief on May 5, 2005.

On May 11, 2005, Plaintiff filed a pleading titled "Motion for Good Cause Exception, For a Court Order that the Plaintiff Can Retain or/ Possess His Legal Papers, Legal Materials and Legal Documents" ("motion for exception"). Plaintiff's motion for exception requests that the court issue an order excepting Plaintiff's legal materials from the limitations on the amount of paper and other flammable items a detainee may store in his cell or at the facility at any one time.

**LEGAL STANDARD**

Rule 59(d) of the Federal Rules of Civil Procedure[1] provides:

> No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a trial on its own initiative or for a reason not

[1] All references to Rules hereinafter are to the Federal Rules of Civil Procedure.

stated in a motion, the court shall specify the grounds for its order.

" Rule 59 does not specify the grounds on which a motion for a new trial may be granted; instead, it allows such a motion to be granted 'for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.' [Citation.]" Zhang v. American Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). It is well settled that a new trial may be granted where the jury has been improperly charged. Gilbert v. United States, 370 U.S. 650, 654 (1962).

## DISCUSSION

### I. Validity of the Jury Verdict

The Ninth Circuit's decision in Jones examines the Fourteenth Amendment substantive due process rights of the person detained pursuant to California's Sexually Violent Predator Act ("SVPA"). The court in Jones held that the SVPA requires that a detainee under that act receive "'more considerate treatment' than his criminally detained counterparts." Jones, 393 F.3d at 932. The Jones court also held the "deliberate indifference" standard of the Eighth Amendment is not applicable to Fourteenth Amendment claims of civil detainees under the SVPA. Id. at 933. Both parties acknowledge the two jury instructions reflecting the Eighth Amendment requirement that required the jury to find Defendants acted with "deliberate indifference" were inappropriate in light of Jones.

Defendants contend that, although the jury instructions were inappropriate, Plaintiff failed to preserve the issue by timely objection at trial and, even if the issue were cognizable, the error was harmless.

#### *A. Instructional Error Cognizable*

The decision before the court is whether to grant a new trial under the broad discretion granted to the court under the provision of Rule 59(d). As previously noted, that rule permits the court to grant a new trial upon the timely motion of a party or on its own motion and to grant a new trial "for any of the reasons for which new trials have heretofore

been granted in actions at law in the courts of the United States." Zhang, 339 F.3d at 1035. While Rule 51 serves to preserve error for *appellate* review, City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 274 (1981), nothing in the language of Rule 59(d) constrains the discretion of the court to those reasons for new trial that are preserved at trial by objection in accordance with Rule 51. Rather, the plain language of Rule 59(d) provides the court may grant a new trial for any reason for which new trials have been granted in the United States, so long as the reason(s) for retrial are stated and the parties are provided notice and an opportunity to be heard.

"The purpose of a motion for a new trial is to point out to the trial court alleged errors, so that they may be corrected by that court, and also for the purpose of furnishing a record to courts of appeals for the review of the action of the trial court." Fine v. Paramount Pictures, 181 F.2d 300, 302 (7th Cir. 1950). "Rule 59 gives the trial judge the power to prevent what she considers to be a miscarriage of justice." Ward v. City of San Jose, 737 F.Supp. 1502, 1512 (N.D. Cal. 1990). "A new trial is warranted only when an error has caused substantial harm to the losing party." Malhiot v. Southern California Retail Clerks Union , 735 F.2d 1133, 1137 (9 Cir. 1984) (citing Fed.R.Civ.P. 61 ). Erroneous jury instructions, as well as the failure to give adequate instructions, are bases for a new trial where the errors result in a miscarriage of justice. Murphy v. City of Long Beach, 914 F.2d 183, 187 (9 Cir. 1990).

There is some ambiguity as to whether Rule 51 is applicable in the context of the court's inherent power to prevent miscarriage of justice pursuant to Rule 59(d). In Murphy, the court noted in dictum that "it is not at all clear that Rule 51 prevents a court from granting a new trial for, among other reasons, erroneous jury instructions in order to prevent a miscarriage of justice. We note that the prime purpose of Rule 51, to bring the mistake to the court's attention and to further appellate review, are not applicable when the court, *sua sponte*, exercises its broad discretion to grant a new trial on these grounds." Id at 187 n7.

Cases following Murphy, have not contradicted the proposition that footnote 7 in Murphy stands for, *inter alia*, the proposition that a court's broad authority to correct miscarriages of justice under Rule 59 is not limited by the objection requirement of Rule 51. See, e.g. Voorhies-Larson v. Cessna Aircraft Co., 241 F.3d 707, 718 n.2 (9 Cir. 2001). The court concludes, based on the discussions contained in the cited cases and on the plain language of Rule 59(d), that the court has authority to order a new trial if it determines erroneous jury charges resulted in a possible miscarriage of justice, whether or not the issue of erroneous charge of the jury was preserved by timely objection.

Even if the authority of the court to order a new trial on the ground of erroneous jury instruction pursuant to Rule 59(d) is limited by the requirement for timely objection in accordance to Rule 51, the court is of the opinion the issue was not waived.

Rule 51 of the Federal Rules of Civil Procedure governs instructions to juries including objections and preservation of claims of error. Rule 51(d) requires that a party may assign as error "an instruction actually given if that party made a proper objection under Rule 51(c)." Rule 51(c)(1) provides that "[a] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection. Subsection (d) of Rule 51 provides that, where there has been no proper assignment of error by proper objection, a court "may consider a plain error in the instructions affecting substantial rights that has not been preserved as required . . . ."

As an initial matter, the court notes there was previously some uncertainty in the Ninth Circuit as to the availability of "plain error" review of jury instructions that are not objected to at trial. See Hammer v. Gross, 932 F.2d 842, 847 (9th Cir. 1991), (the Ninth Circuit "'stands alone in reading Civil Rule 51 literally and denying that there is any power to reverse for plain error in an unobjected-to instruction in a civil case.'"). Rule 51 was substantially re-written by the 2003 amendments. According to the Advisory Committee Notes, the 2003 revisions borrowed the "plain error" exception from Rule 52 of the Federal

Rules of Criminal Procedure to codify the plain error exception to the objection requirement of Rule 51 that had been recognized by circuits other than the Ninth Circuit. The plain error exception is incorporated at subsection (d)(2) of Rule 51. Thus, even if Rule 51(d) was applicable in the context of a court's authority to order a new trial pursuant to Rule 59(d), the claimed error would be cognizable in the absence of timely objection if the error constituted plain error.

The plain error exception applies if there is "'(1) and error, (2) that is plain, and (3) that affects substantial rights.' [Citation.] If these three conditions of the plain error test are met, an Appellate court may exercise its discretion to notice a forfeited error that (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. [Citation]." United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir. 2005). "An error is plain if it is 'contrary to the law at the time of appeal . . .' [Citation.]" Id. In other words, the court may consider the prejudicial effect of an instructional error that is plain and that affects substantial rights.

In the present case there is no question that the instructions setting forth Eighth Amendment "deliberate indifference" standards were erroneous. Further, the error was plain. Although Jones is a recent case that was filed after the trial, it does not set forth any new rules. Rather, it applies Fourteenth Amendment standards that have been well settled with respect to non-criminal civilly committed detainees and pretrial detainees to detainees under the SVPA, who are simply another species within the genus of non-criminal detainees. See Jones, 393 F.3d at 931-932 (applying principally Youngberg v. Romeo, 457 U.S. 307 (1982) (pertaining to civilly committed individuals); and Bell v. Wolfish, 441 U.S. 520 (1979) (pertaining to pretrial detainees), to the case of detainees under the SVPA). The court concludes the error was plain because the law pertaining to civil detainees was well established and accessible at the time of the trial. Finally, the error involved a substantial right in that is set for the wrong standard of proof applicable to Plaintiff's Fourteenth Amendment claim.

In light of the foregoing discussion, the court finds it has jurisdiction to determine whether retrial is warranted pursuant to Rule 59 on the ground the jury in this case was erroneously instructed. The erroneous nature of the instructions given have been conceded. There remains only to determine if the error was prejudicial.

***B. The Instructional Affected the Fairness of the Proceedings***

The jury in this case was charged with two instructions the court has found plainly erroneous; the Eighth Amendment General Conditions of Confinement instruction (as modified), and the Eighth Amendment General Conditions of Confinement instruction as modified to pertain specifically to claims against Sheriff Bill Wittman. In addition, the court notes that the special instruction titled "Punishment Not Permitted" is probably erroneous in that it states, or strongly implies there must be a finding that the conditions of confinement amounted to punishment in order to find a violation of the Fourteenth Amendment. That contention was refuted by Plaintiff's pre-trial pleadings and is contrary to the holding in Jones. There is a violation of the Fourteenth Amendment "(1) where the challenged restrictions are expressly intended to punish, or (2) where the challenged restrictions serve and alternative, non-punitive purpose but are nonetheless 'excessive in relation to the alternative purpose' [. . .] *or* 'are employed to achieve objectives that could be accomplished in so many alternative and less harsh methods.'" Jones, 393 F.3d at 932 (emphasis added, internal citations omitted). Thus, the jury instruction actually given was, at best, incomplete and therefore misleading because it did not instruct there could be a Fourteenth Amendment violation absent a sanction amounting to punishment if the purpose of a restrictive condition of confinement could be reasonably satisfied by less restrictive means.

Defendants correctly note that under the plain error exception, for an instructional error that seriously affects the fairness of the judicial proceedings so as to warrant reversal is generally an error of such a magnitude that is highly probable that the error affected the verdict. United States v. Williams, 990 F.2d507, 511 (9th Cir. 1993). Jury instructions that

outline "'the appropriate burdens of proof are almost always crucial to the outcome of the trial' [Citation.]" Karnes v. SCI Colorado Funeral Services, Inc., 162 F.3d 1077, 1079 (10th Cir. 1998). In this case each of the jury instructions that outlined burdens of proof were either clearly erroneous, in the case of the Eighth Amendment instructions, or arguably incomplete or misleading, in the case of the instruction titled "Punishment not Permitted." A jury instruction is clearly erroneous where it permits a verdict on impermissible grounds. Murtishaw v. Woodford, 255 F.3d 926, 968 (9th Cir. 2001). Because every instruction stating a burden of proof in this case was ether completely or partially erroneous, it is impossible to determine whether the jury's verdict rested on permissible or impermissible grounds. Retrial is required unless Defendant can demonstrate the error, while clearly erroneous, was harmless.

***C. Harmlessness of the Error Not Evident***

First, Defendants contend the instructional errors were rendered harmless by the inclusion of the special instruction titled "Incarceration not a Fourteenth Amendment Violation." This instruction, while informative, does not set forth any standards or burdens of proof. The fact remains that every instruction setting forth a burden of proof was either erroneous or misleading and the only instruction proffered by Defendants as curative did not set forth any burden of proof. Even in consideration of the instruction Defendants claim as curative, it is not possible to determine that the verdict did not rest on impermissible grounds. Having instructed the jury on the wrong standard and burden of proof, there is nothing Defendant can point to that would indicate the jury's verdict did not rest on the erroneous instructions, particularly since no other burden of proof was provided.

Defendants also contend the erroneous instructions were harmless because no evidence was presented that suggested that Plaintiff was detained under conditions that were any more restrictive that those of the pretrial detainees. The trial transcript is not before the court at this time so it is not possible at this point to fully analyze Defendants' contention.

However even if the court assumes, *arguendo*, that the evidence presented at trial only demonstrated that Plaintiff's conditions of confinement were no more restrictive that the conditions of the pretrial detainees, the court cannot conclude that the erroneous instructions did not affect the jury's verdict. The issue is not limited to whether Plaintiff's conditions of confinement were the same as, or worse than, the conditions for the pretrial detainees. At issue also is whether Plaintiff's conditions of confinement were punitive, *or* whether less restrictive means were available to accomplish the legitimate needs of detention, *or* whether the conditions of confinement were more restrictive than the conditions of confinement of prisoners serving terms post-conviction (if any were present). In other words, it is not necessarily the conditions of confinement that are applied to pretrial detainees that is the measure of Fourteenth Amendment compliance; both Plaintiff and pretrial detainees could be subjected to unconstitutional conditions of confinement if those conditions are punitive or more restrictive than the purposes of confinement demand. The court cannot determine on the record before it that the instructional error was harmless.

The court concludes the jury was charged with instructions that were plainly erroneous and it appears, based on the information now before the court, that the instructions were prejudicial. Defendants will be ordered to show cause why a new trial should not be granted.

**II. Motion for Exception**

Plaintiff's Motion for Exception is essentially a motion that this court issue an order directing the California State Hospital at Atascadero to except Plaintiff from certain rules pertaining to the amount of paper or other flammable materials a detainee may store or accumulate on the premises. The court construes Plaintiff's motion as a request for injunctive relief.

The court is without authority to issue such an order. First, injunctive orders issued by a district court are only binding on the parties to the action. Rule 65(d). The California

State Hospital at Atascadero is not a party to this case and, as a consequence, the court is without authority to issue orders directing its actions. Second, even if the hospital were a party, the court has no "'authority to supervise out-of-court executive procedure in the absence of a constitutional or statutory violation.'" United States v. Gurolla, 333 F.3d 944, 950 (9th Cir. 2003). This is particularly true with regard to the federal court's authority to regulate the operations of a state detention facility. See Kendrick v. Bland, 740 F.2d 432, 437 (6 Cir. 1984)) (principles of comity and federalism require the district court issue injunctive orders no broader than necessary to address the constitutional violation in a state prison facility).

"[Detainees] have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts. [Citation.]" O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996). "A [detention facility] may adopt regulations which infringe on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.' [Citation.]" Id. Although Plaintiff has asserted he has a constitutional right to access to the courts, he has not alleged a constitutional violation of that right. Nor does it appear that such a violation could legitimately be made. The Atascadero facility has a legitimate interest in restricting the amount of combustible material stored in its premises, and in equitably allocating available storage space among the detainees housed there. Although the issue is not directly before the court, it appears clear that the restrictions imposed by the Atascadero facility on the amount of materials Plaintiff may store or have in possession on site are reasonably related to the legitimate interests of the institution. The court would be hard pressed to see how such restrictions could possibly rise to the level of constitutional violation.

THEREFORE, it is hereby ordered that:

(1) Plaintiff's Motion for Good Cause Exception is DENIED.

(2) The court FINDS the instructions given to Plaintiff's jury incorporating Eighth Amendment standards were plain error.

3. Defendants shall SHOW CAUSE why the court should not grant a new trial sua sponte pursuant to Rule 59(d). Defendants shall file their brief not later than twenty-one (21) days from the date of service of this order. Defendants' argument shall be confined to the issue of whether the instructional errors were harmless. Plaintiff may file a responsive pleading within two (2) weeks of the date of service of Defendants' brief. The matter will be taken under submission as of the day following the last day for filing of Plaintiff's response. Oral argument will not be scheduled except and unless the court determines oral argument will benefit the resolution of this matter.

4. Those claims for relief that have been dismissed by the court pursuant to Defendants' motion for judgment as a matter of law are not affected by this order. If retrial is ordered, retrial shall be confined to Plaintiff's fifth claim for relief and no other.

IT IS SO ORDERED.

**Dated: August 22, 2005**
h2ehf

**/s/ Anthony W. Ishii**
UNITED STATES DISTRICT JUDGE