1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

9

| | | |
|---|---|---|
| **FRANK E. SISNEROZ,** | ) | **CV F 01-5058  AWI DLB** |
| | ) | |
| **Plaintiff**, | ) | **ORDER ON DEFENDANT'S** |
| | ) | **MOTION FOR INJUNCTIVE** |
| **v.** | ) | **RELIEF** |
| | ) | |
| **BILL WHITMAN, et al.,** | ) | **Doc. # 142** |
| | ) | |
| **Defendant**s | ) | |
| _____ | ) | |

10
11
12
13
14
15

16          This is a civil rights action by plaintiff Frank E. Sisneroz ("Plaintiff") against Bill

17   Whitman, Tulare County Sheriff, et al. ("Defendants") that arises out of Plaintiff's claims for

18   relief relating to his conditions of confinement in Tulare County during proceedings to

19   determine his status under the Sexually Violent Predators Act ("SVPA").  On September 6,

20   2006, the court filed an order (the "September 6 Order") that denied Plaintiff's request for

21   injunctive relief, discussed the reasons for the denial, and directed Plaintiff to "submit to the

22   court a pleading titled "Request for Injunctive Relief" which shall set forth clearly specific

23   requests for injunctive relief that comport with the requirements discussed above."  Doc. #

24   139 at 11:9-11.  On October 17, 2006, Plaintiff filed a responsive pleading titled "The

25   Plaintiff's Objection, Opposition and Response to Court Order: In Matter of Injunctive

26   Relief."  Doc. # 142" (hereinafter, "Plaintiff's Response").  For the reasons that follow, the

27   court will deny Plaintiff's requests for injunctive relief as set forth in his Response and will

28   close the case.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The SVPA, California Welfare and Institutions Code, section 6600 et seq., provides for the involuntary civil commitment of individuals who meet the definition of sexually violent predator, as defined in section 6600, subdivision (a).  Pursuant to section 6604.1, the term of civil commitment upon a determination of sexually violent predator status is two years.  After each term of civil commitment, the SVPA requires that continuing commitment be ordered only upon completion of an evaluation of the individual's risk of re-offense pursuant to section 6601, subdivisions (c) and (i).  These periodic reevaluations are assigned to courts in the county where the evaluation authorizing the first commitment was carried out.  See Johnson v. Santa Clara County, 203 WL 22114269 (N.D. Cal. 2003) at *2.

Plaintiff is a detainee pursuant to the SVPA who was first committed in Tulare County, and who has returned to Tulare County Jail facilities at intervals since 2000 for continuing commitment proceedings.  The complaint in the instant action was filed on January 18, 2001, and is based on conditions of confinement Plaintiff alleges he experienced in Tulare County Jail facilities during three different time periods in 2000.  On November 28, 2005, the court vacated a jury verdict in favor of Defendants because the jury instructions that were given erroneously and prejudicially instructed that Plaintiff's claims were to be decided under the Eight Amendment standard of "deliberate indifference," rather than under the Fourteenth Amendment "rational relationship" standard.  The parties subsequently stipulated to a monetary settlement of Plaintiff's claims and the stipulation was ordered on December 8, 2005.  The court then requested briefing by the parties as to any remaining issues or requests for injunctive relief.  Plaintiff filed his brief regarding requested injunctive relief on December 23, 2005.

Plaintiff's request for injunctive relief as submitted on December 23, 2005, listed 33 individual requests, which were summarized in the court's August 6 Order as 23 individual requests.  The court, in its August 6 Order, the court denied Plaintiff's requests for injunctive

2

relief based on its determination that Plaintiff failed to articulate "specific facts applicable to him and to conditions of confinement that he is likely to encounter that constitute violation of rights guaranteed to him by the United States Constitution or by federal Statute." Doc. # 139 at 11:3-5. Petitioner was ordered to submit a pleading setting forth "specific requests for injunctive relief that comport with the requirements discussed above." Plaintiff's Response, was filed on October 17, 2006. Defendants' filed their objections to the requests for injunctive relief contained in Plaintiff's Response on November 17, 2006.

Of some significance to this action, Plaintiff filed a separate action in the magistrate court on April 20, 2005. Plaintiff's 2005 action concerns conditions of confinement Plaintiff experienced during periods that he was housed at the Kern County Jail in 2001, 2003, and 2004. Essentially, Plaintiff's 2005 action alleges the same conditions as he alleged in the 2001 Action. On April 11, 2008, the Magistrate Judge dismissed Plaintiff's First Amended Complaint in the 2005 Action with leave to amend. Similar to this court's August 6 Order, the Magistrate Judge's decision directed that in any further amendment of the complaint, Plaintiff demonstrate "how the conditions complained of have resulted in a depravation of Plaintiff's constitutional rights." Sisneroz v. Whitman, et al., 05cv0519 Doc.# 33 at 11-12.

## LEGAL STANDARD

To obtain relief under 28 U.S.C., section 1983, a plaintiff must prove (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In order to obtain permanent injunctive relief under section 1983, the plaintiff must show that substantial and immediate irreparable injury is likely and that legal remedies are inadequate. LaDuke v. Nelson, 762 F.2d 1318, 1333 (9th Cir. 1985). "Because a state agency must be granted latitude in the operation of its internal affairs, injunctive relief is appropriate only when irreparable injury is threatened, and the injunctive relief 'must avoid unnecessary disruption to the state agency's normal course of proceeding.' [Citation.]"

3

1   Ashker v. California Dep't Correction, 350 F.3d 917, 921-922 (9th Cir. 2003).

2         Under the Due Process Clause of the Fourteenth Amendment, involuntarily

3   committed persons retain substantive liberty interests, which include at least the right to

4   adequate food, shelter, clothing and medical care; safe conditions of confinement; and

5   freedom from unnecessary bodily restraint.  Youngberg v. Romeo, 457 U.S. 307, 315-316

6   (1982).  To determine whether the nature and extent of an infringement of one of these liberty

7   interests rises to the level of a due process violation, a court must balance the individual's

8   liberty interest against the relevant state interests.  Id. at 320-321.  See also, Sneling v.

9   Young, 531 U.S. 250, 265 (2001).  In general, "if a particular condition or restriction of

10  pretrial detention is reasonably related to a legitimate governmental objective, it does not,

11  without more, amount to 'punishment.'"  Bell v. Wolfish, 441 U.S. 520, 539 (1979).

## DISCUSSION

13        The court notes that Plaintiff remains steadfast in his effort to essentially reform the

14  policies and practices of the Kern County detention facility that houses SVPA detainees

15  during their detention continuation proceedings.  While the court is empowered to invalidate

16  a particular policy or procedure where adherence to that policy or procedure causes or

17  imminently threatens to cause constitutional harm, the court disagrees with Plaintiff's evident

18  contention that the court can engage in a wholesale re-write of the policies and procedures to

19  suit Plaintiff's notions of appropriate treatment for all SVPA detainees.  As the court

20  previously noted, injunctive remedy against a state agency is to be applied "sparingly and

21  only in a clear and plain case."  Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001).

22  Plaintiff is therefore only entitled to the injunctive relief he requests if he can articulate

23  specific facts that clearly show he suffered the deprivation of a right arising under statute or

24  the Constitution and that policies and procedures established by Defendants were the cause of

25  such harm, or would inevitably result in constitutional harm if followed.

26        In its August 6 Order, the court instructed Plaintiff as follows:

27

28                                          4

> To obtain injunctive relief, Plaintiff must allege specific facts applicable to him and to conditions of confinement that he is likely to encounter that constitute violations of rights guaranteed to him by the United States Constitution or by federal statute. Any such factual allegations must take into account Tulare County's SVP policy and must show that the alleged depravation of rights is likely to occur even if the provisions of the SVP policy are in force.

Doc. # 139 at 11:2-7.

The instructions to Plaintiff in the court's August 6 Order are occasioned by the court's prior observations that Plaintiff's past requests for injunctive relief in this action have been long on legal discussion and short on factual allegations that, if proven, would demonstrate infringement of a constitutional or statutory right. The Magistrate Judge has found that Plaintiff's claims for relief in his 2005 action are similarly deficient:

> The [Magistrate] Court finds that the allegations of plaintiff's first amended complaint are too generic to put defendants on notice of the actions that allegedly violated plaintiff's rights. In his second amended complaint, Plaintiff is urged to list each claim separately and provide a brief statement of *facts* indicating what acts or omissions he attributes to each defendant that allegedly violated his constitutional rights. Plaintiff should complete the form complaint as completely as possible. Plaintiff is further directed to refrain from using legal references, arguments, and/or jargon as they are inappropriate at the pleading stage.

Sisneroz v. Whitman, et al., 05cv0519, Doc. # 33 at 4: 18-24 (explaining requirements of Rule 8(a) of the Federal Rules of Civil Procedure in light of Plaintiff's pleadings) (italics added).

In the instant case, the court has provided what guidance it can to Plaintiff and will proceed to determine whether Plaintiff's Response adequately sets for cognizable claims for injunctive relief. Plaintiff's Reply has reduced his prior list of 33 individual requests for injunctive relief to a list of eight; although some have multiple sub-requests. For each request for injunctive relief, the court will first enquire whether Plaintiff has alleged facts sufficient to state that *he* has suffered a violation of a constitutional or statutory right, or that such a violation is imminently threatened. Only if this threshold pleading requirement is met will the court proceed on to determine if injunctive relief is necessary.

**I. First Claim for Injunctive Relief – Miscellaneous Conditions of Confinement**

Plaintiff's first claim for injunctive relief requests:

> For plaintiff as a Civil Detainee, not to be housed in the Tulare County Jail infirmary and not to be housed with Penal inmates or State Parolees, and civil detainee be given a [sic] opportunity to grievance, and other issues of relief, (1) hot and cold water, (2) toilet that works, (3) sink that works, (4) table for eating and writing, (5) a bed that as [sic] mattress 3" thick as are standard in hospital, (6) shower 5 times week, (7) access to telephone hours between 8:00 a.m. through 10:00 p.m. (8) materials for housing sanitary, (9) to ensure materials for example, toilet paper, (10) access to small radio and television.

Doc. # 142. at 11.

California Penal Code secton 4002(b) provides, in pertinent part:

> Inmates who are held pending civil process under the sexually violent predator laws shall be held in administrative segregation.  For purposes of this subdivision, administrative segregation means separate and secure housing that does not involve any deprivation of privileges other than what is necessary to protect the inmates and staff.  Consistent with Section 1610, to the extent possible, the person shall continue in his or her course of treatment, if any.

In keeping with section 4002(b), the Tulare County Sheriff's Department's Procedure for Sexually Violent Predators[1] ("SVPA Procedure") provides that:

> 4.  SVP's shall be housed separately from both unsentenced or sentenced criminal inmates.  If not placed in a single cell, they may only be housed with other SVP's, if the classification process allows.  In consideration of classification, their criminal history, propensity for violence, predatory nature, sexual orientation and other factors shall be considered.

> 5.  SVP's shall be housed under administrative segregation.  Such administrative segregation is appropriate in an infirmary cell, single cell with individual programming schedule, or multi-person cell with programming restricted to those inmates of similar classification.

Id. at ¶¶ 4, 5.

Plaintiff has failed to allege any facts to show that he has been or would be housed with penal inmates or that he has been denied access to the grievance process.  Plaintiff's proffer of declarations of other SVPA detainees who were housed at the Tulare County Jail in

---

[1]      Tulare County Sheriff's Department Procedure No. B-102, Exhibit #1 to Defendants Statement re: Plaintiff's Request for Injunctive Relief, Doc. # 129-2

2003 and 2004 are of questionable relevance because they do not necessarily point to deprivations Plaintiff has suffered or is likely to suffer.  However, taking the declarations as possibly indicative of conditions at the times indicated, there is nothing in the declarations to indicate that SVPA detainees are housed with penal inmates or parolees.  There is also nothing to indicate that the jail's grievance process was unavailable to the SVPA detainees.

Plaintiff's first request for injunctive relief also seeks to prevent SVPA detainees from being housed in the infirmary, but fails to state how housing in the infirmary is violative of a constitutional or statutory right.  The request also fails to show how housing SVPA detainees in the infirmary is unreasonable in light of Defendants' legitimate interest in complying with the separate housing provisions of Penal Code section 4002 while providing housing for all other inmates.  The declaration of Ramon Alanis, Doc. # 148 states that, at any given time, the number of SVPA detainees housed at the Tulare County Jail are a tiny minority of all inmates.  Seldom are there more than two SVPA detainees at any given time and often there are none.  Given the temporary nature of housing at the Tulare County Jail for any given SVPA detainee, and given the burdens on jail operations that are imposed by the statutory requirement that detainees under the SVPA be administratively segregated, the court is very reluctant to find that housing SVPA detainees in the infirmary where they can be administratively segregated with minimum impact on general jail operations is unreasonable.

In order to show that being housed in the infirmary rises to the level of a constitutional depravation, Plaintiff must allege facts that, if proven, would show the housing of SVPA detainees is not reasonably related to Defendant's legitimate interests in housing a mixture of pre-sentencing and post-sentencing penal inmates and various kinds of civil detainees.  Plaintiff has failed to allege the necessary facts.

The court assumes that the list of ten items that are set forth in Plaintiff's first request for injunctive relief are intended to exemplify the kinds of deficiencies in conditions of confinement a detainee can experience if housed in the infirmary.  "Prison officials have a

duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  While deprivation in any or a combination of these categories may constitute a constitutional depravation under Fourteenth Amendment substantive due process; see, e.g., Lavoll v. Keller, 5 Fed.Appx. 682, 2001 WL 219875 at *614 (9th Cir. 2000) (detainee denied toilet paper and tooth brush and forced to eat and sleep on concrete floor covered with human waste adequately stated Fourteenth Amendment claim), "the circumstances, nature and duration of a deprivation . . . must be considered in determining whether a constitutional violation has occurred." Johnson, 217 F.3d at 731.  "The more basic the need, the shorter the time it can be withheld" without causing a constitutional violation.  Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982).

Thus, to adequately plead a constitutional violation, a plaintiff must, at minimum, plead facts to show what was deprived, how long the deprivation lasted, what other factors were present.  As Defendants point out, Plaintiff has failed to alleges facts to show that Plaintiff has been subjected to any or all of the listed deficiencies or that he is likely to be subjected to such deficiencies in the future.  Even if the court accepts the declarations submitted with Plaintiff's Response as indicative of current conditions at the infirmary, those declarations allege only episodic deficiencies in various amenities that are insufficient, as set forth, to establish constitutional violations.  Because Plaintiff has failed to allege facts that, if proven, would establish a constitutional violation, Plaintiff's first request for injunctive relief will be denied.

## II.  Second Request for Injunctive Relief – Classification

Plaintiff's second request for injunctive relief states:

For Plaintiff as a Civil Detainee, the Policy that classification [sic] persons under SVPA plan shall be based on objective criteria and including civil housing, and physical or mental health needs, which will provide for the safety of the Plaintiff and Staff.

Doc. # 142 at 11.

8

The court agrees with Defendants' observation that Plaintiff's second request for injunctive relief is unintelligible.  Defendants' SVPA Procedure provides that "SVP's shall be housed, classified and provided service in a manner consistent with other civil inmates."  Doc. # 129-2 at ¶ 3.  Plaintiff's request fails to allege any facts to show that Defendants' procedure caused, or is likely to cause, any constitutional violation.  Plaintiff has also failed to clarify how the criteria Defendants use is improper or how the classification system fails to provide for the safety of Plaintiff or staff.  Plaintiff's second request for injunctive relief will therefore be denied.

## III.  Third Request for Injunctive Relief – Retention of Personal Property

Plaintiff requests: "Plaintiff as Civil Detainee, that the Policies, Practice and Procedure of the Tulare County Jail; Plaintiff retain personal property while in county jail, legal property materials and when be transported to county jail facilities."  Doc. # 142 at 12.  Defendants' SVPA Procedure provides that:

> 11.  As per Section C-2 of the Detention Division Policy Manual, civil inmates (including SVP's) will be allowed to keep and wear their own clothes.  In the event that a SVP is transported to the facility in other than their own personal clothing, they shall be issued standard jail clothing of a type and quantity consistent with other inmates.  The Sheriff's Department will not launder personal clothing nor accept clothing from outside sources.

> 12.  Other personal effects in the possession of a SVP shall be retained in Small Property in a manner consistent with other inmates.  The civil status of a SVP does not offer the privilege of keeping personal effects which would otherwise be contraband.

Doc. # 129-2 at ¶¶ 11, 12.

To the extent Plaintiff is alleging that he was denied access to his own legal materials or would be denied such access, he must allege facts to show his access to the courts was hindered.  To the extent Plaintiff is alleging he was denied other personal property, Plaintiff must show that the property he was denied access to was not contraband and that the denial of such property was not reasonably related to a legitimate government interest.  Plaintiff has alleged nothing concerning what possessions were denied to him, for how long, and/or the

9

reasons given.  Because Plaintiff has failed to allege facts sufficient to show he was unreasonably denied access to his own personal property, his third request for injunctive relief will be denied.

**IV.  Fourth Request for Relief – Access to Legal Library**

Plaintiff's third request for injunctive relief requests: "Plaintiff as Civil Detaniees request that the Policies practice and Procedure at Tulare County Jail provide access to legal library and for legal research materials and access to courts."  Doc. # 142 at 13.  To allege a constitutional violation of access to the courts, a plaintiff must demonstrate that he has suffered "actual injury."  Lewis v. Casey, 518 U.S. 349-350 (1996).  That is, he must demonstrate that alleged shortcomings in access to the law library or legal assistance program hindered his efforts to pursue a legal claim that he is entitled to bring.  Id. at 351.  Such legal claims are limited to direct appeals, habeas corpus proceedings, and civil rights actions challenging his conditions of confinement.  Id. at 354-355.  While Plaintiff has adequately argued a legal right to access to the prison's legal library, he has failed to allege any facts to show he was denied access and that the denial of access hindered his efforts to pursue a claim or defense he was entitled to pursue.  Plaintiff's third request for injunctive relief will therefore be denied.

**V.  Fifth Request for Injunctive Relief – Privacy Issues**

Plaintiff requests: "For Plaintiff as Civil Detainee request that the Policies, Practices and Procedures at the Tulare County Jail, includes (1) time out of the cell/or room (2) cell searches (3) strip searches (4) privacy rights (5) verbal and physical harassment by inmates or staff (6) Hand cuffed and leg chained."  Doc. # 142 at 13.

As above, Plaintiff has failed to allege any facts that would tend to show Plaintiff was subjected to constitutional violations based on any of the six categories listed.

With regard to a broad range of rights that can generally be categorized as "privacy rights," the Supreme Court has held that, while certain privacy rights are retained by pre-trial

10

or civil detainees, those rights may be limited to achieve a "'mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.' [Citation.]" Bell v. Wolfish, 441 U.S. 520, 546 (1979).  As a result of the need to accommodate institutional needs, the Bell court held a detainee's Fourteenth Amendment rights were not necessarily violated where the detaining institution prohibited detainees from receiving hardback books unless mailed directly by the publisher or bookstore, id. at 551, conducted unannounced searches of detainee living areas, id. at 557, and conducted strip searches in a reasonable manner.  Id. at 560.

Under Defendant's policy regarding strip searches, strip searches are to be conducted "only when there are specific and articulable facts to believe such person is concealing a weapon or contraband, and a strip search will result in the discovery of the weapon or contraband."  Doc. # 129-2 at ¶ 9. Plaintiff has failed to allege any of the strip searches he was subject to were unreasonable.  Likewise, Plaintiff has failed to allege any facts to show that cell searches or any other aspect of Plaintiff's privacy was subjected to unreasonable intrusion.

A similar balance between a detainee's retained rights under the Constitution or under statute and the legitimate goals of the institution is required for a wide range of detainee interests, including time out of the cell time and confinement by means of hand and leg shackles.  See id. at 547.  Plaintiff's request fails not least because Plaintiff does not point to any facts that would tend to prove the restrictions placed on Plaintiff's time out of cell and freedom from mechanical restraints were not reasonably related to the legitimate goals of the institution.

To the extent it is Plaintiff's contention that he is entitled to less stringent restrictions because of his status as a civil detainee, that contention is plainly contradicted by Bell's holding that the principle of accommodation of the institution's need to maintain internal security and order applies to both convicted prisoners and detainees alike.  Id. at 546-547.

11

There is nothing about Plaintiff's status as civil detainee that would, without more, indicate that the restrictions complained of by Plaintiff are unreasonable under the circumstances. Certainly Plaintiff's status as a civil detainee under the SVPA places Defendants on notice that Plaintiff has been previously adjudicated a person with a propensity for sexually assaultive behavior.  On this basis, Defendants have no reason whatsoever to regard Plaintiff as any less of a threat to security and order than any other prisoner or detainee.  Plaintiff, as a civil detainee is not entitled to less restriction that any other prisoner or detainee; he is only entitled to be assured that those restrictions that are applied are reasonably related to the legitimate goals of the institution to "ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry."  Id. at 547.  Plaintiff has the heavy burden to show that Defendants "exaggerated their response to the genuine security considerations" such that their response could be considered unreasonable under the circumstances.  Id. at 561.  Plaintiff has failed to make this showing.

**VI. Sixth Request for Injunction – Religious Materials and Observance**

While there is no doubt that a detainee retains rights of religious expression under the First Amendment, Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008), there is also no doubt that the "detainee's rights may be limited or retracted if required to 'maintain [ ] institutional security and preserv[e] internal order and discipline.' [Citation.]" Id. (quoting Bell, 441 U.S. at 549).  The analysis of whether restrictions placed on detainees' freedom of religious expression is intensely factual.  See id. (citing four factors for consideration under Turner v. Safley, 482 U.S. 78 (1987)).  Here no analysis is required or possible because Plaintiff has pled no facts upon which the court could make a determination of whether there was undue restriction of Plaintiff's First Amendment rights of free expression of religious belief.  Because there is no demonstration of infringement, injunctive relief is not appropriate.

12

## VII.  Seventh Request for Injunctive Relief – Visitation

Plaintiff requests the court enjoin Defendants to craft a policy providing that detainees may have "visitation with family or friend 2 hours 3 times a week ever facilities [sic]."  Doc. # 142 at ¶ 8.  Beyond failing to plead any facts that would show a constitutional or statutory violation with regard to visitation rights, Plaintiff's request is at best puzzling because the arguments he uses to support the request for injunctive relief are based on his rights under the Sixth Amendment to access to the courts and counsel.  It is unclear whether Plaintiff is complaining that he was unconstitutionally denied visitation with friends or family or whether he is claiming he was denied access to the courts.  As previously stated, if Plaintiff is trying to make a claim for denial of rights under the Sixth Amendment, he must plead facts to show that he has been hampered in some way from pursuing a legal claim or defense. Because Plaintiff has pled no facts showing the violation of a constitutional or statutory right, injunctive relief is not proper.

## VIII.  Eighth Request for Injunctive Relief – Conditions of Confinement

Plaintiff requests the court enjoin Defendants to require them to provide:

(1) access three hot food [sic], services food (2) Sheets an[d] blankets exchange one time a week (3) Clothing exchange once a day, (4) personal clothing from family exchange one a week, (4) sanitary cell/room living areas, (5) sanitary bathrooms in cell/rooms.

Doc. #142 at ¶ 8.

Plaintiff's eighth request for injunctive relief is, for the most part, a further elaboration on his first claim for relief and fails for the same reason. While, as noted, the depravation of ceratin basic amenities over a substantial period of time may rise to the level of constitutional violation, the complainant has the burden to show both the basic nature of the depravation and the ongoing nature of the depravation to justify injunctive relief.  Plaintiff has failed to allege, either in the complaint or in the declarations attached to his Response, conditions that could be held to rise to the level of constitutional violation.  While it may be Plaintiff' preference, for example, to be served two hot meals per day, there is no legal basis for the conclusion that one

13

hot meal per day and two cold meals per day constitute a constitutional violation.  Likewise, Plaintiff's allegations regarding the frequency of sheet or blanket changes or clothing exchanges fails because facts are not alleged sufficient to show the deprivations complained of are either basic or protracted.

Defendants' SVP Procedure provides that "specific conditions of [detainee] housing, clothing, food, recreation, law library access, telephone access, access to medical care, mail and personal property shall meet the minimum requirements set out in Title 15 of the California Code of Regulations."  Doc. # 129-2 at ¶ 8.  Defendants allege policies are in place to provide for regular laundry exchanges and access to supplies necessary for sanitation.  See generally, Declaration of Ramon Alanis, Doc. # 148.  Defendants acknowledge that certain elements of the set of amenities detainees are entitled to may be unavailable for short periods of time for various reasons.  Because constitutional deprivation arises from systematic, substantial deprivation of an amenity necessary for basic human welfare, anecdotal evidence of occasional unavailability of cleaning materials or toilet paper, or unavailability of any other of the amenities listed above, without more, is not sufficient to state a constitutional deprivation.  Injunctive relief is therefore not warranted.

**IX.  Plaintiff's Ninth Request for Injunctive Relief – Privacy**

Plaintiff's ninth request for injunctive relief seeks injunction to require Defendants to include in their policies practices and procedures consideration of "Privacy, when showering, sleeping, and using the toilets."  Doc. # 142 at ¶ 10.  Plaintiff's ninth request for injunctive relief is essentially a continuation of the privacy issues raised in Plaintiff's fifth request for injunctive relief.  As previously discussed, the Supreme Court's decision in Bell is applicable to a broad range of privacy concerns.  Given that the Bell court found no constitutional violation for reasonable strip searches, unannounced searches of living areas, and limitations on items that could be received from outside, non-commercial sources, it is clear that Plaintiff must allege much more than the simple fact detainees are observed during showering or using

14

the toilet in order to allege a constitutional violation.  Given the security risks inherent in the

designation of "sexually violent predator," the mere allegation that detainees under the SVPA

must endure observation during periods where they might otherwise prefer privacy is far from

the necessary showing that such is observation is unreasonable in light of the institutions

legitimate security needs.  Bell 441 U.S. at 560-562.

## CONCLUSION

As the court noted at the outset, courts are reluctant to impose injunctive commands on

institutions housing prisoners or detainees out of concern that such commands may cause

"unnecessary disruption to the state agency's normal course of proceeding.' [Citation.]"

Ashker, 350 F.3d at 921-922.  As the Supreme Court stated the proposition, courts "should

defer to the informed discretion of prison administrators because the realities of running a

corrections institution are complex and difficult, courts are ill equipped to deal with these

problems, and the management of these facilities is confided to the Executive and Legislative

Branches, not to the judicial branch."  Bell, 441 U.S. at 548.  Thus, absent a strong showing of

substantial and on-going deprivation rising to the level of constitutional violation, the court

will not impose on Defendants' efforts to administer their own institutions.

The court has given consideration to Plaintiff's third effort to assert claims for

injunctive relief.  In each iteration of his requests for injunctive relief, Plaintiff has essentially

tried to enlist the court's equitable powers to reform Defendants' policies and procedures with

regard to treatment of detainees under the SVPA.  Based on Plaintiff's pleadings and on

information provided by Plaintiff through the declarations of other SVPA detainees, the court

concludes that Plaintiff has failed to allege facts sufficient to allege constitutional violations

with respect to any of his requests for injunctive relief.  Plaintiff's allegations, in sum, reflect

conditions of confinement Plaintiff has encountered from time to time in Defendants' facilities

that, while admittedly not as accommodating as the conditions of confinement at state

institutions designated for long-term housing and treatment of SVPA detainees, are not so

1    deficient as to rise to the level of violation of constitutional or statutory rights.

2          In this action, the only claims remaining are Plaintiff's requests for injunctive relief.

3    As previously discussed, in order to show entitlement to injunctive relief, Plaintiff is required

4    to show both immediate or imminent constitutional harm and the inadequacy of legal

5    remedies.  .  LaDuke, 762 F.2d at 1333.  Plaintiff has failed to show any constitutional harm,

6    whether past, present, or imminent.  Consequently the court has no occasion to examine the

7    inadequacy of legal remedies.  Dismissal of the remainder of Plaintiff's action is therefore

8    warranted.  "If a complaint is dismissed for failure to state a claim, leave to amend should be

9    granted unless the court determines that the allegation of other facts consistent with the

10   challenged pleading could not possibly cure the deficiency."  Schreiber Distributing Co. v.

11   Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).  Here, Plaintiff has had

12   three opportunities to state cognizable claims for injunctive relief and has failed to do so.  The

13   court now concluded that further amendment of the complaint would be futile.

14

15         THEREFORE, pursuant to the foregoing discussion, Plaintiff's requests for injunctive

16   relief as set forth in the complaint and as set forth in Plaintiff's Response, Doc. # 142, are

17   hereby DENIED in their entirety.  The Clerk of the Court shall CLOSE THE CASE.

18

19   IT IS SO ORDERED.

20   **Dated:    November 19, 2008**                    **/s/ Anthony W. Ishii**
                                          CHIEF UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28                                    16